UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TROY KELLEY, | ) | CASE NO. 3:22-cv-1425 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL QUIROS, et al., | ) | FEBRUARY 8, 2023 |
| *Defendants*. | ) | |

## INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge:

**Preliminary Statement**

Plaintiff, Troy Kelley, filed this complaint *pro se* under 42 U.S.C. § 1983 while he was confined at New Haven Correctional Center. Plaintiff names five defendants in the case caption: Commissioner Angel Quiros, Warden Stephen Brunell, Deputy Warden Whitingham, Deputy Warden Robles, and Administrative Nurse Jane Doe.  In the body of the complaint, Plaintiff includes a sixth defendant, Nurse Paul. All defendants are named in their individual and official capacities. Kelley contends that Defendants Doe and Paul provided inadequate medical treatment after he contracted COVID-19 and that the remaining Defendants failed to take adequate precautions to prevent the spread of COVID-19. He seeks damages and asks that any damages awarded be exempt from attachment for costs of incarceration.

**Standard of Review**

Under Section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See id.* In reviewing a *pro se* complaint, the Court must assume

the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

At an unspecified time, Plaintiff contracted COVID-19 while confined at New Haven Correctional Center. He alleges he was inadequately treated for COVID-19 by Nurse Supervisor Doe and Nurse Paul. *See* Compl., Doc. No. 1, at 5. Plaintiff further alleges that the facility failed to adequately protect the inmates because the number of inmates housed in the dorm—over 124— was not limited; there was no social distancing; and cleaners were not used to "kill" the virus. As a result, Plaintiff suffered severe pain and respiratory complications from contracting the virus.

Plaintiff filed three administrative remedies seeking medical treatment but received no responses. In over six months, he did not receive a receipt or grievance number for any administrative remedy, and none were returned to him. *See id.* at 6.

**Discussion**

As an initial matter, the Court notes that the Complaint is not signed. Federal Rule of Civil Procedure 11(a) requires that all pleadings must be signed by the party personally if the party is not represented. As Plaintiff is proceeding *pro se*, he must sign the Complaint.

Plaintiff describes his claims as gross negligence and willful neglect, but to proceed under Section 1983, he must assert a federal constitutional violation. Because Plaintiff is proceeding *pro se*, however, the Court construes the allegations as a claim for deliberate indifference to medical needs.

Plaintiff does not indicate whether he was a sentenced inmate or a pretrial detainee at the time he contacted COVID-19,[1] but as he alleges that he waited six months for a response after filing his administrative remedies, the Court assumes that Plaintiff was a pretrial detainee. Thus, the Court considers his deliberate indifference claim under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment while deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment).

*Deliberate Indifference to Medical Needs*

Plaintiff alleges that Nurse Paul and Nurse Supervisor Doe failed to adequately treat his pain and respiratory complications from COVID-19. To establish a claim for deliberate indifference to medical needs in violation of the Fourteenth Amendment, Plaintiff must establish that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," and that "the officer acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. The "serious medical need standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain."

---

[1] Information on the Department of Correction website shows that Plaintiff was admitted to custody on March 21, 2022 and sentenced on August 12, 2022. He currently is confined at Willard-Cybulski Correctional Institution. *See* www.ctinmateinfo.state.ct.us/detailsupv/asp?id_inmt_num=224948 (last visited Feb. 7, 2023). The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); *Ligon v. Doherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate locator information).

*Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019). "In most cases, the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of treatment subjected the detainee to a significant risk of serious harm." *Id.* Plaintiff alleges that he suffered respiratory complications "almost causing his death." Compl. at 6. Thus, the Court assumes that Plaintiff had a serious medical need.

Plaintiff must also allege facts which demonstrate the requisite *mens rea*—deliberate indifference. Specifically, Plaintiff must plausibly allege that "the defendant-official acted intentionally to impose the alleged condition or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Negligence, however, "does not, without more, engender a constitutional claim." *Sanders v. Laplante*, No. 3:19-cv-01151 (CSH), 2019 WL 5538188, at *3 (D. Conn. Oct. 25, 2019); *see also Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

Plaintiff alleges only that Nurse Paul and Nurse Supervisor Doe provided inadequate treatment. This allegation constitutes, at most, negligence, which is not cognizable under Section 1983. The deliberate indifference claim against Defendants Doe and Paul is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file an amended complaint reasserting this claim if he can allege facts from which the requisite *mens rea* can be inferred.

*Supervisory Liability*

Plaintiff generally alleges that social distancing was not required, that cleaning was inadequate, and that too many inmates were housed in the dormitory at New Haven Correctional

4

Center. The Court assumes that he is asserting a claim for deliberate indifference to health and safety against the supervisory Defendants, Commissioner Quiros, Warden Brunell, and Deputy Wardens Wittingham and Robles.

In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit expressly held that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676). Knowledge that unconstitutional acts were occurring is insufficient to state a claim for supervisory liability. "A supervisor's 'mere knowledge …' is not sufficient because that knowledge does not amount[] to the supervisor's violating the Constitution." *Id.* at 616–17 (quoting *Iqbal*, 556 U.S. at 677).

Plaintiff's allegations fail to show that any supervisor was personally aware of a risk to his health. He does not allege that he personally informed any supervisory Defendant of his concerns regarding overcrowding or cleaning. In addition, the Court notes that, as of May 3, 2022, the CDC Strategies for Everyday Operations of correctional and detention facilities did not include social distancing.[2] Before instituting enhanced factors, which include social distancing, the facility should consider factors including vaccination coverage, the current level of transmission in the facility, the risk of severe health outcomes, and facility structural and operational characteristics. *See* CDC Guidance. Plaintiff does not indicate when he contracted COVID-19, but his Complaint is written in the same handwriting and names the same defendants as a complaint filed by an inmate

---

[2] *See* Center for Disease Control and Prevention, Guidance of Management of COVID-19 in Homeless Service Sites and in Correctional and Detention Facilities ("CDC Guidance"), available at: https://www.cdc.gov/coronavirus/2019-ncov/community/homeless-correctional-settings.html (last updated Nov. 29, 2022).

who contracted COVID-19 in June 2022. *See Harmon v. Quiros*, No. 3:22-cv-1415 (KAD). Thus, the Court assumes that Plaintiff contracted COVID-19 about the same time. But because Plaintiff alleges no facts suggesting that the supervisory Defendants were not monitoring the COVID-19 situation, the claims against Defendants Quiros, Brunell, Whitingham, and Robles are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**Orders**

The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file an amended complaint reasserting his claims if he can allege facts correcting the deficiencies identified in this Order. Any amended complaint shall be filed by March 9, 2023. Plaintiff is cautioned that he must sign any amended complaint. If no Amended Complaint is filed, the Clerk of the Court is directed to close this file on March 10, 2023.

**SO ORDERED** this 8th day of February 2023 at Bridgeport, Connecticut.

*Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE
